■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE D'AURIA, Appellant.— Orders unanimously reversed and proceeding remanded to Erie County Court for a hearing.   Memorandum: In June, 1960 appellant was sentenced in Erie County Court as a second felony offender.   In this *coram nobis* proceeding the defendant alleges in his petition, among other things, that he was induced to plead guilty by the misrepresentation of the trial court that the sentence to be imposed would be served concurrently with the unserved portion of a sentence imposed on a prior felony conviction.   This allegation is undenied.   At the date of sentence section 219 of the Correction Law (as amd. by L. 1957, ch. 436) provided that minimally one who was convicted of a felony while on parole, in the discretion of the prison board, might be required to serve five years of delinquent time and in addition might be required to serve the maximum term of the sentence on which he had been released on parole.   The trial court here made it a part of the sentence that " if consistent with the rules of the Department of Correction said sentence is to run concurrently with any time owed by defendant for violation of parole under a prior sentence."   In the light of this provision of section 219 of the Correction Law and subdivision 2 of section 2190 of the Penal Law, this supplementary portion of the sentence was a gratuity without legal effect.   Appellant is entitled to a hearing to resolve the factual issue presented by him that his plea of guilty was based on a representation by the trial court that the imposed sentence would be served concurrently with that portion of the sentence remaining unserved on the prior conviction.   (Appeal from order of Erie County Court denying, without a hearing, motion to vacate a judgment of conviction for

attempted burglary, third degree, rendered June 9, 1960; also appeal from order denying motion for reargument.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.